IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JAMES S. MARTIN,

    Plaintiff,

vs.                      No. CV 17-00771 MCA/SMV

NEW MEXICO CORRECTIONS
DEPARTMENT (N.M.C.D.), CENTURION
INCORPORATED, and OTERO COUNTY
PRISON FACILITY (O.C.P.F.) MEDICAL
SCHEDULING COORDINATOR-NURSE
HERNANDEZ,

    Defendants.

## MEMORANDUM OPINION AND ORDER
## DISMISSING FEDERAL CLAIMS AND REMANDING CASE

**THIS MATTER** is before the Court under 28 U.S.C. §§ 1915A and 1915(e)(2) and Rule 12(b)(6) of the Federal Rules of Civil Procedure on the Complaint (Tort) filed by Plaintiff James S. Martin in New Mexico state court on May 24, 2017, and removed to this Court by Defendant Centurion, Inc., on July 26, 2017. (Doc. 1, 1-1). Also before the Court is Defendant Centurion's Motion to Dismiss (Doc. 4), Plaintiff Martin's Motion to Certify Cause as a Class Action Case (Doc. 6) and Motion to Sever and Remand (Doc. 7), and Defendants' Motion to Amend to Correct Plaintiff's Address (Doc. 33). The Court will grant the Motion to Dismiss, in part, and dismiss all federal claims. The Court also declines to exercise supplemental jurisdiction and remands any state law claims to New Mexico state court.

At the time he filed his Complaint, Plaintiff James S. Martin was an inmate incarcerated at the Otero County Prison Facility ("OCPF") in Chaparral, New Mexico. (Doc.1-1 at 4). Plaintiff Martin filed his Complaint (Tort) in the State of New Mexico, County of Santa Fe, First

Judicial District Court on May 24, 2017 ("Complaint").  (Doc. 1-1).  In his Complaint, Martin states that "[t]his is a tort suit authorized by the New Mexico Tort Claims Act" and asserts jurisdiction under the New Mexico Tort Claims Act, Chapter 41 N.M.S.A.  (Doc. 1-1 at 1-2). Martin's Complaint alleges violation of his rights under the Eighth Amendment of the United States Constitution and Article Two Section Thirteen and Article Eight of the New Mexico Constitution.  (Doc. 1-1 at 2).  Martin also sets out a claim that he is being denied hygiene items that the New Mexico Corrections Department ("NMCD") is contractually obligated to provide. (Doc. 1-1 at 9-10).  Martin names, as Defendants, NMCD, Centurion, Inc., and OCPF Medical Scheduling Coordinator, Nurse Hernandez.  (Doc. 1-1 at 1-2).

Defendant Centurion removed the case to this Court on July 26, 2017, asserting federal question jurisdiction based on Martin's allegations of violation of his Eighth and Fourteenth Amendment rights.  (Doc. 1-1 at 2). Centurion then filed a Motion to Dismiss under Fed. R. Civ. P. 12(b)(6) on August 2, 2017.  (Doc. 4).  Centurion seeks dismissal on the grounds that the Complaint fails to state an Eighth or Fourteenth Amendment claim against it.  (Doc. 6 at 1). Although Plaintiff Martin received an extension of time to file a response to the Motion to Dismiss, Martin did not file any response to the Motion.  (Doc. 28).

Instead, Plaintiff Martin filed two motions.  First, Martin filed a Motion to Certify Cause as a Class Action Case.  (Doc. 6).  Defendant Centurion responded in opposition to the Motion to Certify on August 22, 2017.  (Doc. 16).  Defendant Hernandez joined in Centurion's Response on August 25, 2017.  (Doc. 21).  Second, Martin filed a Motion to Sever and Remand.  (Doc. 7). In his Motion to Sever and Remand, Martin argues that he is asserting claims under the New Mexico Constitution and laws, and that his New Mexico state law claims should be severed and remanded back to the First Judicial District Court.  (Doc. 7).  Defendant Centurion opposes the

Motion to Sever and Remand (Doc. 16) and Defendant Hernandez joins in that opposition. (Doc. 21).

Defendant New Mexico Corrections Department has also filed a Motion seeking to correct Plaintiff's address of record to reflect that Martin is currently incarcerated at the Roswell Correctional Center in Hagerman, New Mexico. (Doc. 33). On December 29, 2017, Plaintiff Martin filed a Notice of Change of Address, changing his address of record to the Roswell Correctional Center in Hagerman, mooting Defendant's Motion. (Doc. 37).

## **DENIAL OF CLASS CERTIFICATION**

Plaintiff Martin has filed a pro se Motion to Certify Cause as a Class Action Case (Doc. 6). A court may not certify a class unless it determines the representative party will fairly and adequately protect the interests of the class. Fed. R. Civ. P. 23(a)(4). When a court reviews the adequacy of the representation under Rule 23(a)(4), it is required to consider not only the character and quality of the named representative party, but also the quality and experience of the attorneys for the class. 7A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure: Civil § 1769.1 (3d ed.2005).

In *Fymbo v. State Farm Fire and Casualty Co.,* 213 F.3d 1320 (10th Cir.2000), the Tenth Circuit concluded that a litigant may bring his own claims to federal court without counsel, but not the claims of others because "the competence of a layman is 'clearly too limited to allow him to risk the rights of others.' " *Id.* at 1321 (quoting *Oxendine v. Williams,* 509 F.2d 1405, 1407 (4th Cir.1975)); *see also* 7A Wright & Miller, Federal Practice and Procedure: Civil § 1769.1 (citing cases for the rule that class representatives cannot appear pro se).

The rule against pro se representation of a putative class is particularly important because class litigation must comply with the complex requirements of Rule 23 of the Federal Rules of

Civil Procedure. Rule 23(g) mandates appointment of class counsel, unless otherwise provided by statute. *See also* Rule 23(c)(1)(B) (requiring appointment of class counsel when district court certifies class). Importantly, a judgment in a class action may foreclose other class members from later bringing the same claims. *See* Rule 23(c)(3). The Tenth Circuit has stated that this Court may not entrust the claims of other class members to a non-lawyer. *Ransom v. U.S. Postal Serv.*, 170 F. App'x 525, 528–29 (10th Cir. 2006); *see Pilots Against Illegal Dues v. Air Line Pilots Ass'n,* 938 F.2d 1123, 1134 (10th Cir.1991); *Beierle v. Colorado Dep't of Corr.*, 79 F. App'x 373, 375 (10th Cir. 2003). Plaintiff may not, acting pro se, maintain claims on behalf of a class. The Court will deny Martin's Motion to Certify Cause as a Class Action Case.

## **DISMISSAL FOR FAILURE TO STATE A CLAIM**

Plaintiff Martin is proceeding pro se and *in forma pauperis*. The Court has the discretion to dismiss an *in forma pauperis* complaint for failure to state a claim upon which relief may be granted under either Fed.R.Civ.P. 12(b)(6) or 28 U.S.C. § 1915(e)(2)(B). A claim should be dismissed where it is legally or factually insufficient to state a plausible claim for relief. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).

Under Fed.R.Civ.P. 12(b)(6) the Court must accept all well-pled factual allegations, but not conclusory, unsupported allegations, and may not consider matters outside the pleading. *Twombly*, 550 U.S. at 555; *Dunn v. White,* 880 F.2d 1188, 1190 (10th Cir. 1989). The court may dismiss a complaint under rule 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged." *Hall v. Bellmon,* 935 F.2d 1106, 1109 (10th Cir. 1991) (quoting *McKinney v. Oklahoma Dep't of Human Services,* 925 F.2d 363, 365 (10th Cir. 1991)). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Twombly,* 550 U.S. at 570.

Under § 1915(e)(2)(B) the court may dismiss the complaint at any time if the court determines the action fails to state a claim upon which relief may be granted. § 1915(e)(2)(B)(2). The authority granted by § 1915 permits the court the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless. *Neitzke v. Williams,* 490 U.S. 319, 327 (1989). *See also Hall v. Bellmon,* 935 F.2d 1106, 1109 (10th Cir.1991). The authority to "pierce the veil of the complaint's factual allegations" means that a court is not bound, as it usually is when making a determination based solely on the pleadings, to accept without question the truth of the plaintiff's allegations. *Denton v. Hernandez,* 504 U.S. 25, 32-33 (1992). The court is not required to accept the truth of the plaintiff's allegations but, instead, may go beyond the pleadings and consider any other materials filed by the parties, as well as court proceedings subject to judicial notice. *Denton,* 504 U.S. at 32-33.

The Court liberally construes the factual allegations in reviewing a pro se complaint. *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992). However, a pro se plaintiff's pleadings are judged by the same legal standards that apply to all litigants and a pro se plaintiff must abide by the applicable rules of court. *Ogden v. San Juan County,* 32 F.3d 452, 455 (10th Cir. 1994). The court is not obligated to craft legal theories for the plaintiff or to supply factual allegations to support the plaintiff's claims. Nor may the court assume the role of advocate for the pro se litigant. *Hall v. Bellmon,* 935 F.2d at 1110.

## **ANALYSIS OF PLAINTIFF'S CLAIMS**

In his Complaint, Martin alleges claims for violation of constitutional rights under the Eighth Amendment. He claims his right to be free from cruel and unusual punishment have been violated by alleged delay in access to community medical care. (Doc. 1-1 at 2). Martin's

5

Complaint does not expressly allege causes of action under 42 U.S.C. § 1983. However, 42 U.S.C. § 1983 is the exclusive vehicle for vindication of substantive rights under the Constitution. See, *Baker v. McCollan,* 443 U.S. 137, 144 n. 3 (1979); *Albright v. Oliver,* 510 U.S. 266, 271 (1994) (Section 1983 creates no substantive rights; rather it is the means through which a plaintiff may seek redress for deprivations of rights established in the Constitution); *Bolden v. City of Topeka*, 441 F.3d 1129 (10th Cir. 2006) (claims against state actors for violation of § 1981 must be brought under 42 U.S.C. § 1983). Therefore, the Court construes Martin's claims for violation of rights under the Eighth Amendment as civil rights claims brought under 42 U.S.C. § 1983.

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must assert acts by government officials acting under color of law that result in a deprivation of rights secured by the United States Constitution. 42 U.S.C. § 1983; *West v. Atkins*, 487 U.S. 42, 48 (1988). There must be a connection between official conduct and violation of a constitutional right. Conduct that is not connected to a constitutional violation is not actionable under Section 1983. *See Trask v. Franco*, 446 F.3d 1036, 1046 (10th Cir. 1998).

Further, a civil rights action against a public official or entity may not be based solely on a theory of respondeat superior liability for the actions of co-workers or subordinates. A plaintiff must plead that each government official, through the official's own individual actions, has violated the Constitution. *Ashcroft v. Iqbal,* 556 U.S. 662, 676, 129 S.Ct. 1937, 1948 (2009). Plaintiff must allege some personal involvement by an identified official in the alleged constitutional violation to succeed under § 1983. *Fogarty v. Gallegos,* 523 F.3d 1147, 1162 (10th Cir. 2008). In a Section 1983 action, it is particularly important that a plaintiff's complaint "make clear exactly *who* is alleged to have done *what to whom*, to provide each individual with

fair notice as to the basis of the claim against him or her." *Robbins v. Oklahoma,* 519 F.3d 1242, 1249-50 (10th Cir. 2008) (emphasis in the original).

The Eighth Amendment protects against the infliction of cruel and unusual punishments. U.S. Const. Amend. VIII. The Eighth Amendment's prohibition against cruel and unusual punishment encompasses deliberate indifference by prison officials. *Howard v. Waide*, 534 F.3d 1227, 1235 (10th Cir.2008) (citing *Estelle v. Gamble*, 429 U.S. 97, 105 (1976)). Deliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain proscribed by the Eighth Amendment. Deliberate indifference may be manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed. Regardless of whether it is evidenced by conduct of prison medical officials or prison guards, deliberate indifference to a prisoner's serious illness or injury may state a cause of action under § 1983. *Estelle,* 429 U.S. at 104-05.

Determining the sufficiency of an Eighth Amendment claim for deliberate indifference involves a two-pronged inquiry, comprised of an objective component and a subjective component. *Self v. Crum,* 439 F.3d 1227, 1230 (10th Cir. 2006). With respect to the objective component, a medical need is serious if it is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Ramos v. Lamm,* 639 F.2d 559, 575 (10th Cir. 1980) (internal quotation and citation omitted). The question is not limited to whether the inmate's symptoms render a medical need sufficiently serious, but also extends to whether the potential harm to the inmate is sufficiently serious. *Mata v. Saiz,* 427 F.3d 745, 752 (10th Cir. 2005).

Under the subjective component, the defendant must have a sufficiently culpable state of

mind. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *see also Self*, 439 F.3d at 1230–31. In other words, the plaintiff must establish that the defendant "knew he faced a substantial risk of harm and disregarded that risk, by failing to take reasonable measures to abate it." *Hunt v. Uphoff*, 199 F.3d 1220, 1224 (10th Cir.1999) (internal citation and quotation omitted). With regard to the subjective component, the question for consideration by the Court is: "were the symptoms such that a prison employee knew the risk to the prisoner and chose (recklessly) to disregard it?" *Martinez v. Beggs*, 563 F.3d 1082, 1089 (10th Cir.2009) (quoting *Mata*, 427 F.3d at 753). An official responds to a known risk in an objectively unreasonable manner if he knew of ways to reduce the harm but knowingly or recklessly declined to act. Prison officials violate the Eighth Amendment when they are deliberately indifferent to the serious medical needs of prisoners in their custody. *Howard*, 534 F.3d at 1239–40.

However, prison officials who actually knew of a substantial risk to inmate health or safety may be found free from liability if they responded reasonably to the risk, even if the harm ultimately was not averted. *Howard*, 534 F.3d at 1239 (quoting *Farmer*, 511 U.S. at 844–45). Accidental or inadvertent failure to provide adequate medical care, or negligent diagnosis or treatment of a medical condition does not constitute a medical wrong under the Eighth Amendment. *See Estelle*, *supra*, 429 U.S. at 105-06. Moreover, a difference of opinion between the prison's medical staff and the inmate as to the diagnosis or treatment which the inmate receives does not support a claim of cruel and unusual punishment. *See, e. g., Smart v. Villar*, 547 F.2d 112, 114 (10th Cir. 1976); *Self v. Crum,* 439 F.3d at 1231; *Thompson v. Gibson,* 289 F.3d 1218, 1222 (10th Cir.2002). A prisoner who merely disagrees with a diagnosis or a prescribed course of treatment does not state a constitutional violation. *Taylor v. Ortiz*, 410 F. App'x 76, 79 (10th Cir. 2010).

The Complaint fails to state any federal claim for relief against the New Mexico Corrections Department, Nurse Hernandez, or Centurion. First, Martin alleges that "New Mexico Correction Department violated Plaintiff's rights to be free from cruel and unusual punishment by creating a procedure that requires lengthy delay in receiving community medical care, and by not providing hygiene products, which subjected Plaintiff to pain and suffering and mental anguish." (Doc. 1-1 at ¶ 3). The New Mexico Corrections Department is a state agency. As such, the claims against it are claims against the State of New Mexico. The State is not a "person" within the meaning of 42 U.S.C. § 1983 and, therefore, there is no remedy against the State under § 1983. The federal claims against the New Mexico Corrections Department will be dismissed. *Will v. Michigan Dep't of State Police,* 491 U.S. 58, 63-64 (1989).

Second, the Complaint does not allege a factually plausible § 1983 claim against Defendant Hernandez. The Complaint does not allege any individualized conduct by Defendant Martinez in violation of Plaintiff's Eighth Amendment rights. *Fogarty v. Gallegos,* 523 F.3d at 1162. The sole allegations against Nurse Hernandez, an employee of non-party, Management and Training Corp., are as follows:

> "Defendant-Nurse Hernandez, waited until December 13, 2016, (approximately one (1) month after the facility doctor's referral) to submit the 'off-site referral' request to Centurion, Inc. Defendant-Nurse Hernandez thereby delayed access to a qualified medical provider . . .
> Nurse Hernandez has no time limit to submit the 'off-site referral' requests to Defendant-Centurion, Inc., and has a custom of delaying referrals and delaying appointments."

(Doc. 1-1 at ¶¶ 9, 14, 21). Assuming, for purposes of this Memorandum Opinion, that Plaintiff Martin has a serious medical need, his alleged facts in this case do not show that Defendant Hernandez deliberately chose to disregard it, nor do they demonstrate any culpable

9

state of mind on the part of Hernandez. *Martinez v. Beggs*, 563 F.3d at 1089. The Complaint fails to state any Eighth Amendment deliberate indifference claim against Defendant Hernandez.

Last, the Complaint alleges that Defendant Centurion "delayed making a decision from December 13, 2016, until January 30, 2017, where the Office of the Attorney General, (representative for the Respondents in the habeas case in paragraph #15) contacted the Defendant Centurion, Inc. (Dr. Boynton) for the approval. . . Defendant-Centurion, Inc. has no time limits to provide approvals or denials to 'off-site referrals' requests and also has a custom of delaying community medical care by a qualified medical provider." (Doc. 1-1 at ¶¶ 16, 22). The Complaint does not identify any individual employee of Centurion, or specify how the conduct of any individual Centurion employee violated Martin's constitutional rights.

To state a claim for supervisory liability under § 1983, a plaintiff must show an affirmative link between the supervisor and the alleged constitutional violation through (1) personal involvement, (2) sufficient causal connection, and (3) a culpable state of mind. *Cox v. Glanz,* 800 F.3d 1231, 1248 (10th Cir. 2015). Where the supervisor is a corporation, the plaintiff must show a direct causal link between a corporate policy or custom and the alleged injury. *Smedly v. Corrections Corp. of America*, 175 Fed. App'x 943, 945-46 (10th Cir. 2005); *Smith v. Bruce,* 568 F. Supp. 2d 1277, 1282-83 (D. Kan. 2008).

The allegations of the Complaint fail to show the requisite affirmative link between Centurion and the alleged Eighth Amendment violation. Although Martin asserts that Centurion "has a custom of delaying community medical care" (Doc. 1-1 at ¶ 22), he does not allege any facts to support this assertion. Nor does he specify any policy of Centurion that he claims caused an Eighth Amendment violation. Last, Martin does not allege any culpable state of mind, or deliberate indifference, on the part of Centurion. Delay in providing medical referral or

treatment, alone, does not constitute deliberate indifference to serious medical needs. *See Rose v. Beckham,* 82 Fed. App'x 662, 665 (10th Cir. 2003); *Mendoza v. Lynaugh*, 989 F.2d 191, 193-95 (5th Cir. 1993); *Thomas v. Carter*, 593 Fed. App'x 338, 343-45 (5th Cir. 2014).

The Complaint does not state a plausible § 1983 claim for relief against the New Mexico Corrections Department, Nurse Hernandez, or Centurion. *Twombly,* 550 U.S. at 570. The Court will grant Defendant Centurion's Motion to Dismiss, to the extent it seeks dismissal of the Eighth and Fourteenth Amendment claims in this case, and will dismiss all federal claims.

## REMAND OF STATE LAW CLAIMS

Plaintiff Martin originally filed his Complaint in the First Judicial District Court of the State of New Mexico. He alleges that he is proceeding under the New Mexico Tort Claims Act, N.M. Stat. Ann. 41-4-1, *et seq.* (1978). (Doc. 1-1 at 1). He also asserts that his rights have been violated under Article Two Section Thirteen and Article Eight of the New Mexico Constitution. (Doc. 1-1 at 2). Further, he claims he is being deprived of hygiene items that he is entitled to under contract. (Doc. 1-1 at 9-10). Last, Martin appears to claim that this proceeding was filed in state court due to the Defendants' failure to comply with an order in another state court proceeding, D-1215-cv-2014-00592. (Doc. 1-1 at 6). Martin also requests that his New Mexico state law claims be severed and remanded to state court. (Doc. 7).

Defendant Centurion opposes Martin's request to sever and remand, arguing that the Complaint fails to state a cognizable claim under New Mexico law and that, if it does state a state law claim, this Court should exercise supplemental jurisdiction over the state law claims. (Doc. 16). The Court declines to exercise supplemental jurisdiction and will not reach the question of whether the Complaint properly states a substantive claim for relief under New

Mexico law. Instead, the Court will remand any state law claims to the First Judicial District Court.

Within the supplemental jurisdiction granted by 28 U.S.C. § 1367, a federal court has subject-matter jurisdiction over certain state-law claims. A district court's decision whether to exercise supplemental jurisdiction after dismissing all claims over which it has original jurisdiction is discretionary. *See* § 1367(c). Under § 1367(c), the district courts may decline to exercise supplemental jurisdiction over a claim if the district court has dismissed all claims over which it has original jurisdiction. *Osborn v. Haley,* 549 U.S. 225, 245 (2007); *Arbaugh v. Y & H Corp.,* 546 U.S. 500, 514, (2006).

The U.S. Supreme Court has stated that needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law. *United Mine Workers of Amer. v. Gibbs,* 383 U.S. at 715, 726 (1966). When all federal claims have been dismissed, a district court may, and usually should, decline to exercise jurisdiction over any remaining state claims. *Koch v. City of Del City,* 660 F.3d 1228, 1248 (10th Cir.2011); *Smith v. City of Enid ex rel. Enid City Comm'n,* 149 F.3d 1151, 1156 (10th Cir.1998); *Young v. City of Albuquerque*, 77 F. Supp. 3d 1154, 1185 (D.N.M. 2014).

This Court is dismissing all federal claims in this case. The Court declines to exercise supplemental jurisdiction over Plaintiff Martin's remaining state law claims, and will remand this proceeding to state court for adjudication of those state law claims.

**IT IS ORDERED:**

(1) Defendant Centurion, Inc.'s Motion to Dismiss for Failure to State a Claim on Which Relief Can Be Granted (Doc. 4) is **GRANTED** in part and **DENIED** in part;

(2) Plaintiff James S. Martin's Motion to Certify Cause as a Class Action (Doc. 6) is **DENIED;**

(3) Plaintiff James S. Martin's Motion to Sever and Remand (Doc. 7) and Defendants' Motion to Amend and Correct Plaintiff's Address (Doc. 33) are **DENIED** as moot;

(4) All federal claims in Plaintiff James S. Martin's Complaint (Tort) (Doc. 1-1) are **DISMISSED** for failure to state a claim for relief under Fed. R. Civ. P. 12(b)(6); and

(5) The Court declines to exercise supplemental jurisdiction over any state law claims and this case is **REMANDED** to the State of New Mexico, County of Santa Fe, First Judicial District Court for adjudication of Plaintiff Martin's state law claims.

_____
SENIOR UNITED STATES DISTRICT JUDGE